**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:06-cv-1574-REB-MEH

NANCY FROMHART, an individual,

    Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,
a Delaware corporation,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

    WHEREAS, the parties desire to preserve and protect the confidentiality of certain information and documents that may be produced in this case;

    IT IS HEREBY STIPULATED by and between the undersigned attorneys for the parties, and IT IS HEREBY ORDERED THAT**:**

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents, material and information designated "CONFIDENTIAL" shall be documents,

       material and information that is proprietary, a trade secret, confidential, or implicates common law and statutory privacy interests, including, without limitation, confidential or private medical and/or mental health information, financial or tax information, policy or procedure manuals, information contained in personnel files, or arrest and criminal records information of the parties. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case, and except as authorized by the strict terms of this Protective Order.

4. If any confidential and/or private information has been previously disclosed or produced, or discovered informally in this case, the parties shall have twenty (20) business days after the parties' signing of this Agreed Protective Order to specifically identify and designate, in writing, by description and by Bates number, if available, all previously disclosed, produced, and/or discovered CONFIDENTIAL information. During this twenty (20) business day period, all information that has been previously disclosed or produced, or discovered informally or through deposition in this case, shall be presumed to be CONFIDENTIAL information. Any such information that has not been identified and designated, in writing, as CONFIDENTIAL information at the expiration of this twenty (20) business day period shall lose its presumptive characterization as CONFIDENTIAL information.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

       (a) attorneys actively working on this case;

       (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

       (c) the parties, including designated representatives for the parties;

       (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       (e) the Court and its employees ("Court Personnel");

       (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       (g) deponents, witnesses, mediators, or potential witnesses;

       (h) persons whose names appear on the documents or information being disclosed as authors or recipients thereof, or if apparent from the face of the documents or information, persons responsible to act upon such documents or information; and

       (i) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, mediators, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Agreed Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Agreed Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by

      the Court if opposing counsel demonstrates good cause for review as demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Alternatively, documents may be designated as CONFIDENTIAL by identifying by Bates Number(s), a single document or set of document(s), which constitute "CONFIDENTIAL" information.  If the latter method of marking material confidential is used, the tracking log must be provided to opposing counsel.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, consistent with the Federal Rules of Civil Procedure and Local Rules,

requesting that the Court determine whether the disputed information should be subject to the terms of this Agreed Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Agreed Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Agreed Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. If any designating party inadvertently produces any document that it deems CONFIDENTIAL without designating it as CONFIDENTIAL information, upon discovery of such inadvertent disclosure, the designating party must promptly inform the recipient in writing, and that party shall thereafter treat the document as CONFIDENTIAL information under this Agreed Protective Order.

11. Should the parties desire to offer into evidence or submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, by either party to challenge the identification of material entitled to confidential treatment, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in accordance with the Federal Rules of Civil Procedure, D.C.COLO.LCivR 7.2 and 7.3, or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be retained in a secure location by the possessing counsel for a period of seven (7) years, and continue to be subject to the terms of this Order, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide opposing counsel with an affidavit confirming the destruction.  If the CONFIDENTIAL documents have not already been destroyed prior to the conclusion of the seven (7) year period pursuant to the parties' agreement, the possessing counsel shall, after the seven (7) year period, destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction.  The parties shall have a two-month grace period following the seven (7) year period to destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction, if needed.

13. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 29th day of November, 2006.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              Michael E. Hegarty
                                              United States Magistrate Judge

ATTORNEYS:

s/ David Lichtenstein
David Lichtenstein, Esq.
1556 Williams St., Suite 100
Denver, CO 80218-1635
Ph.: 303-831-4750
Fx.: 303-863-0835
davelic@earthlink.net
Attorney for Plaintiff


s/ Mark E. Schmidtke
Mark E. Schmidtke
**SCHMIDTKE HOEPPNER CONSULTANTS LLP**
103 E. Lincolnway
Valparaiso, IN 46383
Ph.: 219-465-7368
Fx.: 219-464-1401
mschmidtke@hwelaw.com


s/ Jack M. Englert, Jr.
Jack M. Englert, Jr.
**Holland & Hart**
8390 East Crescent Parkway
Suite 400
Greenwood Village, CO 80111
Ph.: 303-290-1087
jenglert@hollandhart.com


**ATTORNEYS FOR DEFENDANT**